NICHOLLS, J.
Plaintiff alleged that it was the true and lawful owner of certain lands situated in the parish of Union, as well as all timber growing thereon, described as S. E. Vi of S. E. % of section. 15, N. E. % of N. E. Vi and S. Vi of N. E. Vi, section 22, township 22 north, range 1 east. That it was also the true and lawful owner and possessor of all the merchantable timber standing, growing, and being on certain lands al *271 so described and situated in said parish, and had the use and possession of said lands, as well as the rights of way, ingress and egress, into and from, over and across, the same for the purpose of cutting, felling, and removing its said timber. That the Summit Lumber Company had through its officers, attorneys, agents, and employés, and particularly the so-called Arkansas Southeastern Railroad Company, a pretended railroad corporation which claimed to have been incorporated under the laws of Louisiana as a common carrier, illegally, knowingly, and maliciously entered upon, cut, felled, and removed petitioner’s standing timber from said described lands, and particularly from the E. % of the N. E. %, S. E. % of the N. W. %, and N. W. Yi of N. W. 14, of section 27, and the N. E. % of the N. E. % of section 29, said township 22 north, range 1 east, and would continue to cut, fell, and remove petitioner’s said timber unless enjoined and restrained by the court, to petitioner’s great loss and irreparable injury.
That the said defendants had already cut, felled, and removed from its described lands and timber more than 200,000 of its merchantable timber, which was well worth the market price of $10 per thousand feet, or the sum of $2,000; that the timber so illegally cut, felled, and removed belonging to petitioner was then situated and located along the spur track or tram road of the said defendant running through the southwest quarter of section 22, said township and range, and petitioner feared they would conceal, part with, dispose of, or send timber out of the jurisdiction of the court during the pend-ency of the suit, and that it was necessary that the same be seized, sequestered, and taken into the custody of the court until the termination of the same.
Petitioner represented that it had been damaged in the further sum of $500 on account of the willful and malicious trespass upon its said property by the said defendants, and in the further sum of $100 as attorney’s fees incurred by it in the employment of counsel to bring and prosecute this suit, which sum it was entitled to recover in solido against the said defendants.
It averred that there was still standing and remaining on said lands more than 6,-000,000 feet of merchantable timber, which was well worth the sum of $3 per thousand feet, or $18,000, standing at the stump, which was also in danger of being trespassed upon and felled and removed by said defendants, unless enjoined and restrained as aforesaid. Petitioner prayed that the Summit Lumber Company and the said so-called Arkansas Southeastern Railroad Company be cited; that a writ of injunction issue directed to the said defendants, enjoining, prohibiting, and restraining each and all of them, their officers, agents, attorneys, and employés from trespassing upon, entering upon, cutting, felling, and removing, or from in any manner interfering with petitioner’s said land and timber, and its peaceful use, occupancy, and possession thereof; that a writ of sequestration issue directed to the sheriff of the parish of Union upon plaintiff’s executing bond in the manner prescribed by law, commanding him to seize, sequester, take into his possession, and keep until the further orders of the court the 2,000 feet of saw logs cut, felled, and removed from petitioner’s said property as alleged in the petition and situated on the premises above described; that on trial petitioner have judgment against the defendants in solido for the full sum of $500 as damages and injury done to its said property by and through the illegal, willful, malicious, and wanton trespass upon its said timber, and in the further sum of $100 damages as attorney’s fees incurred in the bringing and prosecution of the present suit; that the writ of sequestration herein sued out be sustained, and petitioner decreed the owner *273 of the property seized, and that the writ of injunction be perpetuated. It prayed for all necessary orders and decrees, for costs, and for full and general relief.
Defendants excepted that plaintiff had filed a similar suit against defendants in case of No. 5,173 of the docket of the court — Union Sawmill v. Summit Lumber Company et al. — and that defendants desired to plead lis pendens as to the issues involved in the suit and the one numbered 5,173 as aforesaid. Defendants prayed that plaintiff’s suit be dismissed, and that its right to sue for damages caused by the illegal issuing of the writs of injunction and sequestration be reserved. This exception was overruled.
Defendants answered by generally denying all of plaintiff’s allegations except such as might be specially admitted.
They admitted that to certain portions of the described land and timber they had no title, and averred they had not attempted to assume any control over same. They admitted that they had cut timber on 10 acres of land belonging to the plaintiff which was described as the S. E. Vi of the N. E. % of N. AV. Vi of section 27. This admission was subsequently modified in an amended answer.
Defendants attacked the validity of what is known as “the McShane contracts,” on which, to some extent, plaintiff bases its rights of ownership on the grounds:
First. That the offers made therein were without consideration, and were never signed and accepted by McShane.
Second. That the contracts were lacking in mutuality.
Third. That the conditions thereof had never been complied with.
Defendants alleged damages for $61,000 on account of the alleged illegal issuing of the writ of injunction causing a deterioration and loss of its timber and the necessity of keeping idle its teams, machinery, and employes. It also alleged damages in the further sum of $600, damages as attorney’s fees, necessary to secure the dissolution of the’ writs of injunction and sequestration.
The district court rendered the following judgment:
“It is hereby ordered, adjudged, and decreed that the plaintiff is the owner of the S. E. Vi of S. E. Vi of section 15, and the N. E. 14 of N. E. V. and S. Vi of N. E. Vi of section 22, township 22 north, range 1 east.
“And the plaintiffs are also recognized as the owners of all the merchantable timber on the
“E. % of S. E. Vi, section 16;
“E. Vo of S. E. Vi,
“S. % of S. W. Vi,
“N. AV. Vi of S. AV. Vi,
“S. V> of N. W. Vi, section 17;
“E. V¿ of S. E. Vi,
“W. Vi of S. W. Vi, section 18;
“N. AV. Vi,
“AV. % of S. E. Vi,
“S. Vi of S. W. Vi,
“N. AV. Vi of S. W. Vi, section 19;
“E. Vi of S. E. Vi,
“S. W. Vi of S. E. Vi, section 20;
“S. E. Vi of S. W. Vi, section 21;
“E. Vi of N. W. Vi,
“S. E. Vi, section 22;
“S. Vi of N. E. Vi,
“N. AV. Vi of N. E. Vi,
“S. E. Vi of N. AV. Vi,
“E. V> of N. E. Vi of N. W. Vi,
“E. Vi of S. E. 1£, •
“N. W. Vi of S. E. Vi, of section 27;
“S. E. Vi,
“E. Vi of N. E. Vi,
“And all that portion of S. Vi of N. W. east and north of Big Loutre, section 28;
“Also S. Vi of N. Vi,
“And the N. Vi of N. E. Vi,
“N. E. Vi of N. W. Vi, of section 29;
“All in township 22 north, range 1 east.
“On the above description the injunction is perpetuated and maintained, and the defendants are restrained from trespassing in any manner thex'eon upon the land above decreed as belonging to plaintiffs, and perpetuated as to the other deseription of land above, so as to prevent the-defendants from in any manner interfering with the plaintiffs’ claim to the timber thereon.
“Plaintiffs’ claims on the other descriptions set forth in their petition not mentioned herein are rejected, and injunction sued out thereon is dissolved.
“It is further ordered, adjudged, and decreed that the plaintiffs are x'ecognized as the owners of- 33,000 feet of the timber seized under writ of seqixestration herein, and the writ of sequestration is maintained and perpetuated to that extent, and dissolved as to the remainder of the timber. Defendants’ claim for damages is rejected.”
*275 The district judge assigned the following reasons for the judgment:
“The plaintiff’s title to the S. E. Vi of S. E., Sec. 15, and N. E. of N. E. and S. % of N. E. Sec. 22, is not disputed, and its title to the timber on the following descriptions is established by transfers and by judicial admissions of defendants, viz.: E. V> of S. E. Vi, Sec. 16; S. V2 of S. W. Vi, N. W. of S. W. Vi, and S. % of N. W. Vi, Sec. 17; E. Vi of S. E. Vi, and W. V> of S. W. %, Sec. 18; N. W. Vi, W. % of S. E. %, S. y2 of S. W. U, and N. W. of S. W. V, Sec. 10; E. V2 of S. E. Vi, S. W. % of S. E. Vi, See. 20; S. E. Vi of S. W. Vi, Sec. 21; E. 4 of N. W. and S. E. Vi, Sec. 22; S. % of N. E. %, N. ML Vi of N. E. Vi, S. E. Vi of N. W. E. V2 of N. E. Vi of N. W. Vi, S. V2 of S. E. Vi, N. ML Vi of S. E. Vi, Sec. 27; S. E. Vi, E. Vi of N. E. %, and all that portion of S. V2 of N. W. Vi east and north of Big Loutre, See. 28. Also S. V2 of N. V>, N. % of N. E. Vi, and N. E. Vi of N. ML Vi, Sec. 29, all in Tp. 22 N., R. 1 E.
“It is shown in the evidence that, of the 200,-000 feet of timber seized, at least 33,000 belongs to plaintiff. 'This 33,000 feet were taken from plaintiff’s holdings in sections 27 and 29. Defendants cut and removed timber from some of the other descriptions given above, but the court is not able to say how much was removed from the other descriptions. Plaintiff was therefore warranted in suing out the injunction and the writ showed perpetuated, and defendants restrained from trespassing in any manner upon the lands indicated above as being-owned by plaintiff, and restrained from tres- • passing upon or interfering with the timber, or other rights of plaintiff as snown by its contracts on the other descriptions given above. The injunction should be dissolved as to all other descriptions in plaintiff’s petition not named above.
“As stated above, plaintiff is the owner of 33,000 feet of the timber under seizure. It should be decreed owner of at least that much, and the writ of sequestration perpetuated to that extent. By consummating the timber of plaintiff with their own, the defendants brought down the writ on their part of the timber, and should not be entitled to damages flowing from that process.
“Indeed, it is not apparent that defendants have suffered damages by reason of the sequestration. The suit by consent of the parties was not brought to a speedy trial. Besides, defendants, if they had so desired, could have bonded the seized timber.
“Let there be judgment in accordance with these views.”
The defendants appealed.
The plaintiff has answered the appeal, praying that the judgment appealed from be amended so as to decree it to be the owner of all the lands and timber described in its petition, and to decree it to be the owner of the 200,000 saw logs seized under the writ of sequestration; that it also he decreed to recover the $600 damages claimed in its petition.
While the plaintiff alleged itself to he the owner of and in possession of certain lands and the timber thereon described by government subdivisions, and the owner of and in possession of all the merchantable timber standing- on certain other lands also described by government subdivisions, the cause of action upon which it declared, and upon which it brought defendants into court, was that they had committed an actual trespass by entering upon particularly mentioned tracts, and cutting, felling, and removing timber therefrom. Plaintiff alleged that It feared that they would trespass on the other lands unless enjoined from so doing by the issuing- of a writ of injunction, which it prayed should issue. The writ issued as prayed for. Plaintiff alleged that defendants had actually cut and felled 200 feet of timber, worth $2,000, which they had banked along a certain spur track mentioned. It prayed that such timber should be sequester- ’ ed under a writ of sequestration. On the court’s order this was done.
The plaintiff did not pray to be decreed the owner of the land nor of the timber of which it alleged itself to be the owner. The prayer of its petition, so far as the question of ownership was concerned, was “to be decreed the owner of the logs” which it alleged had been cut, felled, and removed, and which it prayed should be sequestered. Plaintiff did not allege that defendants had 'possession of the lands or standing- timber or claimed ownership thereof. Plaintiff filed no supplemental or amended pleadings in the case. In its answer to the appeal taken herein by the defendants, plaintiff prays that the judgment appealed from be amended so as to decree it to be the owner of all the land and timber described in the petition. *277 Defendants, on the other hand, complain that the judgment as rendered has gone entirely too far in the matter of the recognizing and decreeing ownership in the plaintiff, and that it should be corrected in that respect. They claim that the action as brought was not a petitory action; that the allegations as to ownership .which were made by the plaintiff did not make it such. That the allegations referred to were made simply in aid and support of and incidentally in the action of trespass; that the action as brought was one charging them with haying illegally, knowingly, and maliciously cut, felled, and removed 200,000 feet of timber. That there were no contractual relations between the parties, and the allegation in question should be given weight and effect to in respect and with reference only to the timber which the court held to have been actually cut, and not beyond the purpose of determining whether they had been guilty of a trespass in cutting the same; that any consideration of the question of ownership and possession beyond this was unauthorized and ultra petitionem.
The plaintiff in its prayer for an amendment of judgment does not pretend that it is entitled, in respect to its claim against defendants for having trespassed by cutting and felling timber, to a change in the judgment; it acquiesces in the determination of the court as to the trespass and as to the amount of the timber cut. It only claims that the court erred in not having decreed it to be the owner of all the land and of all the timber which it mentioned in its petition as belonging to it. We not only think that plaintiff is not entitled to the change, but that the court In the judgment actually rendered went beyond the pleadings and the prayer of plaintiff’s petition. The matters at issue in the case were submitted on brief; the attorneys of neither plaintiff nor the defendant were present to explain and argue the contentions relied on by their respective chiefs. In the briefs the rights of iiarties outside of the question of trespass have not been discussed. We have very recently held, what we have announced before, that the court would not determine abstract questions and that it could not be expected to study and trace up titles to property which counsel did not think proper to present to it in proper shape after discussion. As matters have been placed before us in this case, we shall not attempt to pass upon the claims of either party beyond what is strictly necessary to determine the trespass which the court has found to have been actually committed. We consider the allegations of ownership and possession to have been made with reference to that issue. Under the evidence we are of the opinion that the trespass to the extent committed was accidental. We do not think it was intentional, willful, or malicious. We do not find it was the intention of the defendants to commit a trespass in the future.
We are of the opinion that the judgment recognizing plaintiffs to be the owner of 33,-000 feet of timber seized under the writ of sequestration herein, perpetuating the writ to that extent, dissolving it as to the remainder of the timber, and rejecting defendants’ claim for damages, is correct, and to that extent it is hereby affirmed. As to all other questions of ownership and possession of the lands and timber involved herein, the judgment is set aside as being beyond the issues involved.